MSM/GEB: USAO 2024R00604



# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| **v.** | * | **CRIMINAL NO.** 25-CR-137 DLB |
| | * | |
| **JOEL THOMAS BIERMANN** | * | **(Production of Child Pornography,** |
| | * | **18 U.S.C. § 2251(a) and (e);** |
| **Defendant** | * | **Distribution of Child Pornography,** |
| | * | **18 U.S.C. § 2252A(a)(2)(A) and (b)(1);** |
| | * | **Possession of Child Pornography,** |
| | * | **18 U.S.C. § 2252A(a)(5)(B) and (b)(2);** |
| | * | **Forfeiture, 18 U.S.C. § 2253,** |
| | * | **21 U.S.C. § 853(p), 28 U.S.C. § 2461(c))** |
| | * | |

*******

## INDICTMENT

### COUNT ONE
### (Production of Child Pornography)

The Grand Jury for the District of Maryland charges that:

Between on or about October 26, 2012, and on or about October 28, 2024, in the District of Maryland and elsewhere, the defendant,

## JOEL THOMAS BIERMANN,

attempted to and did employ, use, persuade, induce, entice, and coerce one or more minors to engage in any sexually explicit conduct, for the purpose of producing a visual depiction of such conduct, and the defendant knew and had reason to know that such visual depiction would be transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce; and such visual depiction was produced or transmitted using materials that have been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer; and such visual depiction

was actually transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce.

18 U.S.C. § 2251(a) and (e)

## COUNT TWO
### (Production of Child Pornography)

The Grand Jury for the District of Maryland further charges that:

Between on or about April 3, 2013, and on or about October 28, 2024, in the District of Maryland and elsewhere, the defendant,

### JOEL THOMAS BIERMANN,

attempted to and did employ, use, persuade, induce, entice, and coerce one or more minors to engage in any sexually explicit conduct, for the purpose of producing a visual depiction of such conduct, and the defendant knew and had reason to know that such visual depiction would be transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce; and such visual depiction was produced or transmitted using materials that have been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer; and such visual depiction was actually transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce.

18 U.S.C. § 2251(a) and (e)

## COUNT THREE
**(Distribution of Child Pornography)**

The Grand Jury for the District of Maryland further charges that:

On or about March 13, 2016, in the District of Maryland and elsewhere, the defendant,

**JOEL THOMAS BIERMANN,**

did knowingly distribute any child pornography and any material that contained child

pornography, using any means and facility of interstate and foreign commerce and that had been

shipped and transported in and affecting interstate and foreign commerce by any means,

including by computer.

18 U.S.C. § 2252A(a)(2)(A) and (b)(1)

## COUNT FOUR
### (Possession of Child Pornography)

The Grand Jury for the District of Maryland further charges that:

Between on or about November 7, 2012, and on or about October 28, 2024, in the District of Maryland and elsewhere, the defendant,

### JOEL THOMAS BIERMANN,

did knowingly possess any material that contained an image of child pornography, including an image of child pornography involving a prepubescent minor and a minor who had not attained 12 years of age, which had been mailed, shipped, and transported using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce by any means, including by computer, and which image was produced using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer.

18 U.S.C. § 2252A(a)(5)(B) and (b)(2)

5

## FORFEITURE ALLEGATION

The Grand Jury for the District of Maryland further finds that:

1.      Pursuant to Federal Rule of Criminal Procedure 32.2, notice is hereby given to the defendant that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. § 2253, 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c), as a result of the defendant's conviction under any of the offenses alleged in this Indictment.

### Child Pornography Forfeiture

2.      Pursuant to 18 U.S.C. § 2253(a), upon conviction of any of the offenses set forth in Counts One through Four of this Indictment, the defendant,

### JOEL THOMAS BIERMANN,

shall forfeit to the United States:

a.      Any visual depiction described in Title 18, United States Code, Sections, 2251, 2251A, 2252, or 2252A, 2252B, or 2260 or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped, received, or possessed in violation of Title 18, United States Code, Chapter 110;

b.      Any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from the offense; and

c.      Any property, real or personal, used or intended to be used to commit or to promote the commission of the offense or any property traceable to such property.

3.      The property to be forfeited includes, but is not limited to, the following electronic device seized from the defendant's residence on October 28, 2024, that is: One (1) black-colored WD My Book Hard Drive, S/N: WCAUF0404936.

6

**Substitute Assets**

4.     If any of the property described above, as a result of any act or omission of the

defendant:

        a.     cannot be located upon the exercise of due diligence;

        b.     has been transferred or sold to, or deposited with, a third party;

        c.     has been placed beyond the jurisdiction of the court;

        d.     has been substantially diminished in value; or

        e.     has been commingled with other property which cannot be divided

            without difficulty,

the United States shall be entitled to forfeiture of substitute property up to the value of the

forfeitable property described above pursuant to 21 U.S.C. § 853(p), as incorporated by 18

U.S.C. § 2253(b).

18 U.S.C. § 2253
21 U.S.C. § 853(p)
28 U.S.C. § 2461(c)

*Kelly Hayes /MSM*

Kelly O. Hayes
United States Attorney

A TRUE BILL:

## SIGNATURE REDACTED

Foreperson

*May 1, 2025*
Date

7